**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **PHH MORTGAGE CORPORATION,** § § | | |
| Plaintiff, § § | | |
| v. § | Civil Action No. 4:21-cv-00973 | |
| § | | |
| **CARALEE FARAH, AMANDA MICHELLE DENEALE, CAROLYN J. MURPHY, AND BOBBY DEAN ROBERTS,** § § § § § § | | |
| Defendants. § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff PHH Mortgage Corporation ("Plaintiff") complains of Caralee Farah, Amanda Michelle DeNeale, Carolyn J. Murphy, and Bobby Dean Roberts ("Defendants") who are the sole heirs of Borrowers Dennis DeNeale Sr., and Judy DeNeale ("Decedents" or "Borrowers") files this *Original Complaint*, and states as follows:

**I.   PARTIES**

1.   Plaintiff is as "mortgagee" is defined in Texas Property Code section 51.001(4) and is appearing through the undersigned counsel.

2.   Decedents were borrowers under a loan agreement described below. Decedent Dennis DeNeale Sr., passed away on or about January 17, 2020. Decedent Judy DeNeale passed away on or about November 27, 2020. Upon information and belief, no probate is open for Decedents' estate in Tarrant County, Texas, the county where the subject Property is located. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedents' estates.

3.   Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedents ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of

Decedents' estates including an undivided interest in the Property, immediately upon their deaths. Each Heir is made a party in this proceeding.

4. Defendant Caralee Farah is an heir and daughter of Decedent Dennis DeNeale Sr. Caralee Farah may be served with process at 4418 Spring Garden Drive, Arlington, Texas 76016 or at any other place where she may be found. Summons is requested.

5. Defendant Amanda Michelle DeNeale is an heir and daughter of Decedent Dennis DeNeale Sr. Amanda DeNeale may be served with process at 4418 Spring Garden Drive, Arlington, Texas 76016, or at any other place where she may be found. Summons is requested.

6. Defendant Carolyn J. Murphy is an heir and sister of Decedent Judy DeNeale. Carolyn J. Murphy may be served with process at 26115 Penguin Street, Mangolia, Texas 77355, or at any other place where she may be found. Summons is requested.

7. Defendant Bobby Dean Roberts is an heir and brother of Decedent Judy DeNeale. Bobby Dean Roberts may be served with process at 26115 Penguin Street, Mangolia, Texas 77355, or at any other place where he may be served. Summons is requested.

## II.   PROPERTY

8. This proceeding concerns the real property and improvements commonly known as 205 Mahogany Drive, Arlington, Texas 76018 and more particularly described as follows:

> LOT 22, BLOCK 49 OF FAIRFIELD, INCREMENT 7B, AN ADDITION TO THE CITY OF ARLINGTON, TARRANT COUNTY, TEXAS TO THE PLAT THEREOF RECORDED IN VOLUME 388-166, PAGE 74, OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS.

(The "Property").

## III.   DIVERSITY JURISDICTION AND VENUE

9. This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

10. Plaintiff is a corporation with its principal place of business in New Jersey. A corporation is a citizen of the state where it has been incorporated, and any state where the corporation hast its principal place of business. 28 U.S.C. § 1332(c)(1). Therefore, Plaintiff is a citizen of New Jersey for purposes of diversity jurisdiction.

11. The named Defendants are individuals and citizens of the state of Texas.

12. In this suit, Plaintiff seeks a declaratory judgment to establish a statutory probate lien and to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

13. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

14. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Tarrant County Appraisal District values the Property at

$206,942.00 in excess of the jurisdictional minimum. Therefore, Plaintiff meets the amount-in-controversy requirement.

15.     Venue is proper in the Northern District of Texas, Fort Worth Division, because this suit concerns title to real property located in Tarrant County, Texas. *See* 28 U.S.C. §§ 124(a)(1), 1391(b)(2).

### IV.    FACTS

16.     The foregoing paragraphs are incorporated by reference for all purposes.

17.     On August 31, 2009, Decedents executed a *Texas Home Equity Note* ("Note") in the principal amount of $82,400.00 ("Note"), originally payable to Quicken Loans, Inc., ("Quicken Loans") as lender on a loan secured by the Property. A true and correct copy of the Note is attached hereto as **Exhibit A**.

18.     Concurrently with the execution of the Note, Decedents executed a *Texas Home Equity Security Instrument*, ("Security Instrument" and together with the Note, "Loan Agreement"), as grantors, granting Quicken Loans, its successors and assigns, a security interest in the Property. The Security Instrument was recorded in the official public records of Tarrant County, Texas, as Document No. D209239003, on September 4, 2009. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

19.     The Security Instrument names Mortgage Electronic Recording Services, Inc. ("MERS") as the beneficiary as nominee for Quicken Loans. Subsequently, MERS transferred and assigned the Loan Agreement to Plaintiff ("Assignment"). The Assignment was recorded in the Real Property Records of Tarrant County, Texas, on May 28, 2020 as Instrument No. D220120663. True and correct copies of the Assignment are attached hereto as **Exhibit C**.

20.     Plaintiff is the current owner and holder of the specially endorsed Note. Plaintiff is also the beneficiary of the Security Instrument and the *mortgagee* of the Loan Agreement, as defined by Texas Property Code § 51.0001(4).

21. Decedent Dennis DeNeale Sr., passed away on or about January 17, 2020. Decedent Judy DeNeale passed away on or about November 27, 2020. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, their heirs acquired all of their interest in the Property immediately upon their deaths—subject to the Loan Agreement debt owed to Plaintiff.

22. Under the terms of the Loan Agreement, the Borrowers were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

23. The Loan Agreement further provides that should they fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

24. The Loan Agreement is currently due for the February 1, 2020 payment and all subsequent monthly payments. *Notice of Default* was sent via certified mail to Borrowers' last known address, in accordance with the Loan Agreement and the Texas Property Code on June 2, 2021. A true and correct copy of the notice of default is attached hereto as **Exhibit D**.

25. The default was not cured, and the maturity of the debt was accelerated. *Notice of Acceleration of Loan Maturity* was sent via certified mail to Borrowers' last known address, in accordance with the Loan Agreement and the Texas Property Code on July 15, 2021. True and correct copies of the notices of acceleration are attached hereto as **Exhibit E**.

26. Plaintiff brings this suit to obtain an order for foreclosure.

### V.  CAUSES OF ACTION

**A.  DECLARATORY JUDGMENT**

27. The foregoing paragraphs are incorporated by reference for all purposes.

28. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

29. Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of Borrowers' failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by the Borrowers, and by statute. TEX. CIV. PRAC. & REM. CODE § 37.009.

**B. STATUTORY PROBATE LIEN**

30. The foregoing paragraphs are incorporated by reference for all purposes.

31. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

    a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:

*"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*

    b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:

*"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and

   c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:

> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

32. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### C. NON-JUDICIAL FORECLOSURE

33. The foregoing paragraphs are incorporated by reference for all purposes.

34. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendants who acquired the Property subject to Borrowers' debts.

### D. PUBLIC AUCTION

35. The foregoing paragraphs are incorporated by reference for all purposes.

36. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendants, a public auction of the Property would be the most expedient means to put the

Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### E. JUDICIAL FORECLOSURE

37. The foregoing paragraphs are incorporated by reference for all purposes.

38. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

39. As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Tarrant County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

### F. TRESPASS TO TRY TITLE

40. The foregoing paragraphs are incorporated by reference for all purposes.

41. Concurrent with Plaintiff acquiring all of Defendants' right, title, and interest in the Property—by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure.—Plaintiff seeks a declaration and judgment that the Defendants are divested of all of their right, title and interest in the Property and that all of Defendants' right, title, and interest in the Property are vested in Plaintiff.

### G. WRIT OF POSSESSION

42. The foregoing paragraphs are incorporated by reference for all purposes.

43. If any person occupies or claims possession of the Property (an "Occupant") after transfer of all right, title, and interest in the Property in favor of Plaintiff, then Plaintiff requests a writ of possession against any Occupant.

### H. ATTORNEYS FEES

44. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil Practice and Remedies Code §§ 37.009 and 38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Security Instrument.

### I. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Decedents' right, title, and interest to the Property;

c. A writ of possession against any Occupant of the Property if the Occupant fails or refuses to leave the Property after foreclosure or auction;

d. Attorney fees and costs of suit; *and*

e. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**VIVIAN N. LOPEZ**
State Bar No. PR20818
vlopez@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
214-635-2650 (Phone)
214-635-2686 (Fax)

**ATTORNEYS FOR PLAINTIFF**